IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Travis Tyrone Davis,   :

    Plaintiff   :   Civil Action 2:08-cv-750

v.   :   Judge Smith

Bexley Police Department, *et al.*,   :   Magistrate Judge Abel

    Defendants.   :

# **ORDER**

Plaintiff Travis Tyrone Davis brings this action alleging that defendants arrested him without probable cause and charged him with receiving stolen property. This matter is before the Court on the Magistrate Judge's November 3, 2008 Report and Recommendation recommending that defendants' motion to dismiss Plaintiff's claims against the Bexley Police Department and the City of Bexley be granted (doc. 21). No objections to the Report and Recommendation have been filed. Plaintiff's November 13, 2008 motion to dismiss without prejudice (doc. 13) is also before the Court.

As a preliminary matter, Plaintiff's November 13, 2008 motion to dismiss without prejudice (doc. 13) is DENIED. Although plaintiff does not state the basis for which he seeks voluntary dismissal of this action, presumably he relies on Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, which provides in pertinent part:

1

> Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. . . .

Fed. R. Civ. P. 41(a)(1)(A)(i). Here, defendants have not filed an answer or a motion for summary judgment. Defendants, however, argue that permitting plaintiff to voluntarily dismiss his action at this stage of the proceedings is not proper. Defendants rely on two cases for this proposition, *Hines v. Graham*, 320 F. Supp. 2d 511 (N.D. Tex. 2004) and *Dreiling v. Henderson*, No. Civ. A. 04-3451-FTV, 2005 WL 1705733 (D. Kan. Jul. 21, 2005).

The *Hines* court considered the relationship between Rule 41(a)(1) and the Prison Litigation Reform Act. Relying on the phrase, "*[s]ubject to the provisions . . .of any statute of the United States*, an action may be dismissed by the plaintiff without order of court. . .", the court concluded that the right to voluntarily dismiss was subject to the provisions of the Prison Litigation Reform Act ("PLRA"). Fed. R. Civ. P. 41(a)(1)(A)(i) (emphasis added). The court reasoned that:

> "In passing the [PLRA], Congress 'was obviously concerned that the limited resources of the federal judiciary not be expended on cases whose frivolity was manifest, but whose sheer numerosity represented a formidable and time consuming task.' " *Id*. (quoting *Roller v. Gunn*, 107 F.3d 227, 230 (4th Cir.1997)). *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Section 1915(d)[, superseded by § 1915(e)(2) after the enactment of the PLRA,] [wa]s designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."). The PLRA "contains provisions that should discourage prisoners from filing

2

> claims that are unlikely to succeed." *Crawford-El v. Britton*, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998).
>
> The *in forma pauperis* statute as amended by the PLRA directs that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (1996) (emphasis added).

*Hines v. Graham*, 320 F. Supp. 2d 511, 525 (N.D. Tex., 2004).

In *Dreiling v. Henderson*, the court denied a plaintiff's attempt to voluntarily dismiss the action based on the principle that a prisoner may not avoid the consequences of the 3-strikes provision in 28 U.S.C. § 1915(g) by seeking dismissal of the action without prejudice after the court has screened the complaint to determine whether the complaint should be dismissed as frivolous or malicious, as stating no claim for relief, or as seeking relief from defendant who are immune from such relief. *Dreiling*, 2005 WL 1705733 at * 2.

Although the Sixth Circuit has not considered the impact of the Prisoner Litigation Reform Act on a prisoner's ability to voluntarily dismiss pursuant to Rule 41, it has recognized that under 28 U.S.C. § 1915(e)(2)(B), a district court is permitted to dismiss a complaint without allowing the prisoner to amend his complaint because it can dismiss a suit a suit at any time without prior notice. *Thomas v. Pleasant*, 28 Fed. Appx 436, 2002 WL 104763 at *2 (6th Cir. Jan. 24, 2002).

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **GRANTS** defendant's motion to dismiss.

The Magistrate Judge correctly found that the Bexley Police Department is not an entity capable of being sued and thus should be dismissed from the suit for failure to state a claim. *Jones v. Marcum*, 197 F. Supp.2d 991, 997 (S.D. Ohio 2002). Police departments are not independent government entities. They are only the vehicles through which municipalities fulfill their policing functions. *Williams v. Dayton Police Dept.*, 680 F. Supp. 1075, 1080 (S.D. Ohio 1987). Thus, police departments are not proper §1983 defendants as they are "merely sub-units of the municipalities they serve". *Jones*, 197 F. Supp. at 1080.

The Magistrate Judge also correctly noted that plaintiff has also failed to demonstrate that the City of Bexley, as an employer, is liable for the actions of the officers. Under §1983, a municipality may only be held liable if the municipality itself caused the constitutional violation. *Hayner v. City of Washington Court House*, 2007 WL 38133, at * 1 (S.D. Ohio Sept. 27, 2007). A plaintiff may not rely on the doctrine of *respondent superior* to find a government entity liable under §1983 when the claim is founded solely on an allegation that its agent caused the injury. *Id*. (quoting *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 691 (1978)). Rather, to hold an entity responsible under §1983, the plaintiff must establish that the government's *policy or*

*custom* inflicted the violation. *Id.* (quoting *Monell,* 436 U.S. at 694). Plaintiff has not done so.

Because the Bexley Police Department cannot be sued since it is not an independent government entity, and because Plaintiff does not allege facts that, if proved, would demonstrate that the City of Bexley itself, rather than one of its agents, caused the alleged constitutional violation, Plaintiff has failed to state a claim upon which relief can be granted.

For the reasons stated above, the Court ADOPTS the Magistrate Judge's November 3, 2008 Report and Recommendation recommending that defendants' motion to dismiss Plaintiff's claims against the Bexley Police Department and City of Bexley be granted (doc. 21) and GRANTS defendants' September 22, 2008 motion to dismiss (doc. 8). Accordingly, documents 6, 9, 20, and 23 are now MOOT.

The Clerk shall remove documents 6, 8, 9, 20, 21, and 23 from the Court's pending motions list.

The Clerk of Court is DIRECTED to enter JUDGMENT for defendants. This action is hereby DISMISSED.

> */s/ George C. Smith*
> **GEORGE C. SMITH, JUDGE**
> **UNITED STATES DISTRICT COURT**